# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| MARY CRIST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19-cv-00037-TWP-DLP |
| v. ) | |
| ) | |
| MIRAMED REVENUE GROUP, LLC, ) | |
| ) | |
| Defendant. ) | |

## **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, MIRAMED REVENUE GROUP, LLC ("Miramed" or "Defendant"), by and through its attorneys Nabil G. Foster and Lindsey A.L. Conley of Hinshaw & Culbertson LLP, in answer to Plaintiff's Complaint, states as follows

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

**ANSWER:  Defendant admits Plaintiff attempts to claim a violation of the FDCPA, but denies Plaintiff has a valid claim.  Defendant denies any remaining allegations in this paragraph.**

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

303105404v1 1016753

**ANSWER:** **Defendant admits this paragraph attempts to summarize the FDCPA but denies it is a complete and accurate statement of the law. Defendant denies any remaining allegations in this paragraph.**

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc.. 592 F.3d 1027, 1030 (9th Cir. 2010).

**ANSWER:** **Defendant admits this paragraph attempts to summarize the FDCPA but denies it is a complete and accurate statement of the law. Defendant denies any remaining allegations in this paragraph.**

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

**ANSWER:** **Defendant admits this paragraph attempts to summarize the FDCPA but denies it is a complete and accurate statement of the law. Defendant denies any remaining allegations in this paragraph.**

## Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

**ANSWER:** **Defendant admits that this Court generally has jurisdiction over claims arising under 28 U.S.C. § 1331 and 15 U.S.C. § 1692, but denies that Plaintiff has any such claim herein.**

## Venue

6. Venue is proper in this Judicial District.

**ANSWER:** **Defendant does not contest venue.**

303105404v1 1016753

7. The acts and transactions alleged herein occurred in this Judicial District.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

8. The Plaintiff resides in this Judicial District.

**ANSWER:** **Defendant lacks information about the allegations of this paragraph and therefore denies them.**

9. The Defendant transacts business in this Judicial District.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

### Parties

10. The Plaintiff, Mary Crist, is a natural person.

**ANSWER:** **Defendant admits Plaintiff, Mary Crist, is a natural person.**

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

**ANSWER:** **Defendant lacks information about the allegations of this paragraph and therefore denies them.**

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

**ANSWER:** **Defendant lacks information about the allegations of this paragraph and therefore denies them.**

13. The Defendant, MiraMed Revenue Group, LLC, (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 360 E. 22nd Street, Lombard, IL 60148. *See Exhibit 1"attached hereto*.

**ANSWER:** **Defendant admits that in certain circumstances and certain instances it acts as a collection agency to collect debts owed to others. Defendant admits it has an office in Lombard, IL. Defendant denies any remaining allegations contained in this paragraph.**

303105404v1 1016753

303105404v1 1016753

14. The Defendant is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1"attached hereto*.

**ANSWER:** **Defendant admits it has a collection agency license from the State of Indiana.**

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

**ANSWER:** **Defendant admits that in certain circumstances and certain instances it attempts to collect debts owed to others.**

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which arc the subject of the transactions are primarily for personal, family or household purposes.

**ANSWER:** **Defendant admits that in certain circumstances and certain instances it attempts to collect debts owed to others. Defendant lacks information about the remaining allegations of this paragraph and therefore denies them.**

### Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

**ANSWER:** **Defendant admits it attempted to collect a debt from Plaintiff. Defendant denies any remaining allegations in this paragraph.**

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by § 1692(a)(5).

303105404v1 1016753

**ANSWER: Defendant admits the debt at issue was related to health care. Defendant denies any remaining allegations of this paragraph.**

19. The debt owed by Plaintiff went into default.

**ANSWER: Defendant lacks information about the allegations of this paragraph and therefore denies them.**

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

**ANSWER: Defendant admits the Plaintiff's account was placed with Defendant to seek payment of the amounts owed. Defendant denies any remaining allegations of this paragraph.**

21. The Plaintiff disputes the debt.

**ANSWER: Defendant lacks information about the allegations of this paragraph and therefore denies them.**

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

**ANSWER: Defendant lacks information about the allegations of this paragraph and therefore denies them.**

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

**ANSWER: The allegations of this paragraph are vague; thus, Defendant lacks information about the allegations of this paragraph and therefore denies them.**

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

303105404v1 1016753

**ANSWER:** **The allegations of this paragraph are vague; thus, Defendant lacks information about the allegations of this paragraph and therefore denies them.**

25. Ms. Crist retained John Steinkamp & Associates for legal representation regarding the Plaintiff's debts.

**ANSWER:** **Defendant lacks information about the allegations of this paragraph and therefore denies them.**

26. The Defendant has contacted the Plaintiff multiple times via telephone call in its attempts to collect the debt at issue in this matter.

**ANSWER:** **Defendant admits its representatives have spoken with Plaintiff more than once. Defendant has received multiple accounts, or multiple debts, for Plaintiff at different times and contact was made for some of those accounts.**

27. Prior to February 5, 2018, Defendant was attempting to collect a debt from Plaintiff.

**ANSWER:** **Defendant had received multiple accounts, or multiple debts, for Plaintiff at different times and contact was made for some of those accounts. Some of the accounts were received before February 5, 2018 and some were received after February 5, 2018. Defendant denies any remaining allegation of this paragraph.**

28. On several occasions in February and March of 2018, Plaintiff spoke to Defendant's employees and advised them that she legal representation for her debts.

**ANSWER:** **Defendant denies the allegation of this paragraph.**

29. Despite the notices of legal representation, Defendant continued to contact Plaintiff directly in an attempt to collect the aforementioned debts.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

303105404v1 1016753

30. Prior to August 7, 2018, Defendant was attempting to collect a debt from Plaintiff.

**ANSWER:** **Defendant had received multiple accounts, or multiple debts, for Plaintiff at different times and contact was made for some of those accounts. Some of the accounts were received before August 7, 2018 and some were received after August 7, 2018. Defendant denies any remaining allegation of this paragraph.**

31. On or about August 7, 2018, Defendant called Ms. Crist on her cell phone. During the conversation, Ms. Crist informed an employee of the Defendant that she had retained legal counsel regarding her debts and furnished Defendant with her contact information for her counsel.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

32. After the telephone conversation on August 7, 2018, Defendant called and left a voicemail for Ms. Crist again in an attempt to collect the debt at issue in this matter.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

33. For example, on or about August 17, 2018, Defendant called and left a voicemail for Ms. Crist again in an attempt to collect the debt at issue in this matter.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

34. On August or about 20, 2018, Defendant contacted Ms. Crist again on her cell phone in an attempt to collect the debt at issue in this matter. During the conversation, Ms. Crist informed an employee of the Defendant again that she had retained legal counsel and gave the employee of Defendant her Counsel's contact information.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

303105404v1 1016753

35. Again, on or about August 23, 2018, Defendant contacted Ms. Crist and she again, gave Defendant contact information for her legal counsel and told Defendant that she had retained legal counsel for this debt.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

36. On or about August 27, 2018, and on or about September 4, 2018, Defendant called and left voicemail messages for Ms. Crist.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

37. On or about September 10, 2018, Defendant sent a dunning letter directly to Plaintiff regarding the same debt that Plaintiff had previously told Defendant that she had retained counsel for. *See Exhibit 2 attached hereto*.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

38. On or about September 18, 2018, Defendant called and left a voicemail for Ms. Crist again in an attempt to collect the debt at issue in this matter.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

39. On or about September 24, 2018, Defendant contacted Ms. Crist again on her cell phone in an attempt to collect the debt at issue in this matter. During the conversation, Ms. Crist informed an employee of the Defendant again that she had retained legal counsel and gave the employee of Defendant her Counsel's contact information.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

40. After the telephone conversation on September 24, 2018, Defendant continued to contact Ms. Crist directly in an attempt to collect the aforementioned debt.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

303105404v1 1016753

41. By contacting a consumer it knew to have legal representation, the Defendant violated the FDCPA.

**ANSWER:   Defendant denies the allegations of this paragraph.**

42. Ms. Crist's injuries constitute an injury-in-fact. Defendant's violations are material as the unsophisticated consumer, who has retained counsel to represent her regarding the debt at issue in this matter, would be left with the impression that retaining legal counsel was futile and that she did not have the rights Congress granted to her under the FDCPA. Defendant's violations of the FDCPA constitute more than just bare procedural violations.

**ANSWER:   Defendant denies the allegations of this paragraph.**

43. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER:   ANSWER: Defendant admits this paragraph attempts to summarize the FDCPA but denies it is a complete and accurate statement of the law. Defendant denies any remaining allegations in this paragraph.**

### First Claim for Relief:
### Violation of the FDCPA

1. The allegations of Paragraphs 1 through 43 of the complaint are alleged and incorporated herewith by references.

**ANSWER:   Defendant incorporates its responses to paragraphs 1 to 43 as its responses to paragraphs 1 to 43 of Count I.**

303105404v1 1016753

303105404v1 1016753

2. The Defendant violated 15 U.S.C. § 1692e by representing to the Plaintiff that if was able to continue to contact her directly in attempts to collect a debt despite being prohibited from doing so by the FDCPA.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

3. The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by continuing to contact a represented consumer when it had notice of legal representation.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

4. The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the prefeace of 15 U.S.C. § 1692f by continuing to contact directly a consumer it knew to have legal representation.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

5. The Defendant's acts and omission constitute a violation of the U.S.C. § 1692c because Defendant continued to contact Plaintiff despite knowledge that she had legal representation for the debt at issue in this matter.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

6. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

## AFFIRMATIVE DEFENSES

Defendant, by and through its undersigned counsel, and for its Affirmative Defenses to Plaintiff's Complaint, state as follows:

303105404v1 1016753

1. Defendant affirmatively states that any violation of the Fair Debt Collection Practices Act was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. These procedures and protocols are reasonably adapted to avoid a violation of the Fair Debt Collection Practices Act, such as the one alleged in this case. Therefore, any alleged violation of 15 U.S.C. §1692 occurred as a result of a bona fide error.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for their attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: /s/ *Nabil G. Foster*
Nabil G. Foster ARDC 6273877
Lindsey Conley ARDC 6317860
151 North Franklin Street
Suite 2500
Chicago, IL 60606
Phone No.: 312-704-3000
Fax No. 312-704-3001
E-mail Address: nfoster@hinshawlaw.com

## CERTIFICATE OF SERVICE

I, Nabil G. Foster, an attorney, certify that I shall cause to be served a copy of **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** upon the following individual(s), by deposit in the U.S. mail box at 151 North Franklin Street, Chicago, Illinois 60606, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this on **March 6, 2019**.

| | | |
|---|---|---|
| ☒ | CM/ECF | *Attorneys for Plaintiff(s)* |
| ☐ | Facsimile | John T. Steinkamp |
| ☐ | Federal Express | SAWIN SHEA & STEINKAMP |
| ☐ | E-Mail & U.S. Mail | 5214 S. East Street |
| ☐ | Messenger | Suite D1 |
| | | Indianapolis, Indiana 46227 |
| | | (317) 780-8300 |
| | | (317) 217-1320 (FAX) |
| | | steinkamplaw@yahoo.com |

Nabil G. Foster  
Lindsey A.L. Conley  
HINSHAW & CULBERTSON LLP  
151 North Franklin Street, Suite 2500  
Chicago, IL 60606  
Telephone: 312-704-3000  
Facsimile: 312-704-3001  
nfoster@hinshawlaw.com  
lconley@hinshawlaw.com  

*/s/ Nabil G. Foster*  
Nabil G. Foster  
One of the Attorneys for Defendant

303105404v1 1016753